ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

THOMAS R. GREEN (CABN 203480)
Assistant United States Attorney

  1301 Clay Street, Suite 340S
  Oakland, CA 94612
  Telephone: (510) 637-3695
  Fax: (510) 637-3724
  E-Mail: Thomas.Green@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 4:14-cr-00081 JST (KAW) |
| Plaintiff, | ORDER DETAINING DEFENDANT |
| v. | |
| RICHARD ANTHONY PARTIDA, | |
| Defendant. | |

## ORDER OF DETENTION

On or about September 17, 2021, the defendant appeared before Judge Tigar in connection with a Form 12 charging defendant with various violations of supervised release, including violating the mandatory condition that defendant not commit any federal, state or local crime and multiple violations relating to failing to report to an inpatient treatment facility as ordered by the Court. At the September 17, 2021 appearance, which was an appearance by zoom videoconference in the wake of the covid pandemic, the parties made arguments regarding defendant being remanded after defendant failed to report to Newbridge on or about August 17, 2021 (Charge Number 6) and then left Newbridge following an intake procedure on or about September 8, 2021 after being ordered by the Court to attend

1  Newbridge's inpatient program (Charge Number 8).  During the zoom conference defendant left the
2  zoom conference before it was completed, and Judge Tigar issues a bench warrant for defendant's arrest.
3  Defendant was in absconder status for nearly three years until his arrest on or about August 7, 2024, for
4  evasion and resisting arrest when he allegedly ran from Union City Police Department officers and
5  resisted their arrest upon being caught with multiple outstanding warrants for his arrest, including the
6  bench warrant issued by Judge Tigar on or about September 17, 2024 (Charge Number 9).

7       A detention hearing was held on August 21, 2024, with the Court and all parties appearing at the
8  hearing in person.  Defendant was represented by his attorney, Federal Public Defender Joyce Leavitt.
9  United States Probation Officer Anthony Cardenas was also present at the hearing, with Officer
10 Cardenas recommending that defendant be detained pending resolution of the Form 12.  The parties
11 submitted proffers and arguments.

12      After hearing arguments from all parties, the Court ordered that defendant be detained.  The
13 defense argued that defendant should be released to Newbridge, which had recently assessed defendant
14 for admission into the program and deemed him a viable candidate for the Newbridge inpatient program.
15 Defense counsel also argued that defendant has lived at the same residence during the past three years
16 and that he only left the zoom appearance because his phone connection dropped him from the hearing.
17 The probation officer and government argued that defendant should be detained despite the Newbridge
18 assessment, arguing that defendant was a flight risk because he had failed to report or left Newbridge on
19 multiple occasions, had been in abscond status for nearly three years, and had evaded police efforts to
20 arrest him only two weeks ago, on August 7, 2024.  The probation officer pointed out that the Union
21 City Police Department had filed prior evasion police reports against defendant, for fleeing on April 7,
22 2022 and April 2, 2023, but defense counsel objected to those alleged evasion efforts from being
23 considered because defense counsel had not had an opportunity to review those reports ahead of the
24 hearing, as they were only provided to the parties shortly prior to the detention hearing.  The Court has
25 also not reviewed those reports and does not rely upon them in finding that defendant has not met his
26 burden to demonstrate by clear and convincing evidence that he is neither a flight risk nor poses a
27 danger to the community, as is required by 18 U.S.C. § 3143(a)(1); Federal Rule of Criminal Procedure
28 32.1.

ORDER DETAINING DEFENDANT
4:14-CR-00081 JST (KAW)                                            2

1    Upon consideration of the court file, including the allegations in the Form 12, the parties'
2 proffers at the detention hearing, and the Probation Officer's recommendation of detention, the Court
3 finds that there is no combination of conditions of release that can reasonably assure defendant's
4 appearance at future proceedings.  Defendant has been in abscond status for nearly three years since he
5 left a zoom hearing in the middle of the hearing to determine whether he should be remanded for
6 multiple failures to report to and be admitted to Newbridge.  The defendant has not proven by clear and
7 convincing evidence that he will not flee, as he has before, from the same program he seeks admission to
8 now.  Accordingly, the Court orders the defendant detained pending resolution of the charges in the
9 Form 12.

10   This Order supplements the Court's findings at the detention hearing and serves as written
11 findings of fact and statement of reasons as required by Title 18, United States Code, Section 3142(i).

12   The Bail Reform Act of 1984 sets forth the factors the Court must consider in determining
13 whether detention is warranted.  In reaching its decision, the Court has considered those factors,
14 including:

15     (1)  the nature and circumstances of the offense charged;
16     (2)  the weight of the evidence against the person;
17     (3)  the history and characteristics of the person including, among other considerations, ties to
18         the community, employment, past conduct and criminal history, and record of court appearances;
19         and,
20     (4)  the nature and seriousness of the danger to any person or the community that would be posed
21         by the person's release.
22 *See* 18 U.S.C. § 3142(g).

23   After considering all of the facts and proffers presented at the hearing, including the information
24 contained in the Pretrial Services report, the Court also finds that no condition or combination of
25 conditions will reasonably assure defendant's appearance at future proceedings.

26   Accordingly, pursuant to 18 U.S.C. §§ 3142 and 3143, IT IS HEREBY ORDERED THAT:
27     (1)   Defendant is committed to the custody of the Attorney General for confinement in a
28         corrections facility;

(2) Defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

Dated: September 3, 2024

_____
THE HONORABLE KANDIS A. WESTMORE
United States Magistrate Judge